IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE JACKSON, | ) | |
| | ) | CASE NO. 1:17CV1439 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN TOM SCHWEITZER, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Maurice Jackson ("Petitioner" or "Jackson") brings this habeas corpus action

pursuant to 28 U.S.C. § 2254.  Doc. 4.  Jackson is detained at the Trumbull Correctional

Institution, having pleaded guilty to one count of robbery in 1994 in the Cuyahoga County, Ohio,

Court of Common Pleas, for which he was sentenced to 8-15 years in prison; his sentence was

suspended; and he was placed on two years of probation, to begin when he finished serving

prison time in three other cases.  Doc. 13-1, pp. 8, 9; Case No. CR307962.[1]  In 2000, while he

was on probation for his robbery case, Jackson pleaded guilty in another case in the Cuyahoga

County Court of Common Pleas, this time involving one count of rape and one count of

kidnapping (Doc. 13-1, p. 5; Case No. CR390243).  In September 2000, the trial court sentenced

Jackson to a total of seventeen years for rape and kidnapping in case CR390243; terminated his

probation in his 1994 robbery case (CR307962), and sentenced him to 3 to 15 years in that case,

to be served consecutively to the sentence in case CR390243, for an aggregate sentence of 20 to

32 years in prison.  Doc. 13-1, pp. 5, 15.

---

[1] Doc. page citations are to ECF Doc. page numbers.

On June 30, 2017, Jackson filed his Petition for Writ of Habeas Corpus setting forth two grounds for relief related to his 1994 case, CR307962.  Doc. 4.[2]  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  As set forth more fully below, Jackson's Petition is barred by the statute of limitations. Thus, the undersigned recommends that his Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED**.

## I. Procedural Background

### A.  State Trial Court

On March 29, 1994, a Cuyahoga County Grand Jury issued an indictment charging Jackson with one count of aggravated robbery, R.C. § 2911.01, with attached firearm and violence specifications, and one count of having a weapon while under disability, R.C. § 2923.13, with attached firearm and violence specifications.  Doc. 13-1, pp. 6, 37, 53 (case CR307962). Jackson entered a plea of not guilty.  Doc. 13-1, p. 7.

On August 2, 1994, the state deleted the firearm specification from the aggravated robbery count, deleted the word "firearm" from the body of the indictment, amended the aggravated robbery charge to robbery, and dismissed the weapon under disability count and Jackson, through counsel, pleaded guilty to robbery.  Doc. 13-1, p. 8.

On August 12, 1994, the trial court sentenced Jackson to 8 to 15 years in prison, suspended the sentence, and imposed two years of probation, which was to begin after Jackson finished serving time in prison for his prior convictions in cases CR299472, CR302462, and CR310068.  Doc. 13-1, pp. 9, 216, 217, 218.

---

[2]  Jackson filed a separate habeas corpus petition in the Northern District of Ohio with respect to his guilty plea in Case CR390243.  See *Jackson v. Lazaroff,* Case No. 1:15-cv-253 (dismissed as time-barred).

On June 19, 1997, Jackson was released from prison after serving the time for his prior convictions and began serving his two years of probation for his 1994 robbery case (CR307962), set to expire on June 12, 1999.  Doc. 13-1, p. 11.  In March 1999, Jackson violated his probation and the trial court extended his probation to June 21, 2001.  Doc. 13-1, p. 14.

In April 2000, Jackson was indicted for rape, kidnapping, and gross sexual imposition. *See State v. Jackson*, Case No. CR390243 (Cuyahoga County Court of Common Pleas).  On September 20, 2000, he pleaded guilty to the rape and kidnapping charges and the trial court sentenced him to a total of 17 years in prison.  Doc. 13-1, p. 5.  The trial court also found that Jackson was in violation of his probation in his 1994 robbery case, CR307962.  Doc. 13-1, p. 15.  Accordingly, the trial court modified Jackson's original sentence in CR307962 to 3 to 15 years in prison to be served consecutively with the 17-year sentence it imposed in case CR390243.  Doc. 13-1, pp. 5, 15.

Jackson did not file an appeal.

## B.  Motion to Withdraw Guilty Plea

On June 14, 2001, Jackson, pro se, filed a "motion to withdraw guilty plea and correct manifest injustice."  Doc. 13-1, p. 208.  On July 20, 2001, the trial court denied his motion.  Doc. 13-1, p. 208.

On July 16, 2001, Jackson, pro se, filed an amended motion to withdraw guilty pleas pursuant to Ohio Crim. R. 13.1.  Doc. 13-1, p. 17.  On August 1, 2001, the trial court denied his motion.  Doc. 13-1, p. 31.

On July 18, 2001, Jackson, pro se, filed an amended motion to withdraw guilty pleas. Doc. 13-1, p. 208.  On August 16, 2001, the trial court denied his motion.  Doc. 13-1, p. 32.

Jackson did not file an appeal.

## C.  Delayed Direct Appeal

On August 16, 2005, Jackson, pro se, filed a notice of appeal and a motion for leave to file a delayed appeal in the Ohio Court of Appeals for case CR307962.  Doc. 13-1, pp. 33, 43. On September 2, 2005, the Ohio Court of Appeals denied Jackson's motion for leave to file a delayed appeal and dismissed the case.  Doc. 13-1, p. 51.

Jackson did not appeal to the Ohio Supreme Court.

### D. Motion to Withdraw Guilty Plea

On July 23, 2008, Jackson, pro se, filed another motion to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1 in the trial court.  Doc. 13-1, p. 52.  On August 1, 2008, the trial court denied his motion.  Doc. 13-1, p. 61.

Jackson, pro se, timely appealed to the Ohio Court of Appeals.  Doc. 13-1, p. 62.  In his brief, he raised the following assignment of error:

> Appellant's constitutional right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution was violated when the prosecutor amended the indictment without first resubmitting the matter to the grand jury.

Doc. 13-1, p. 71.  On July 13, 2009, the Ohio Court of Appeals overruled Jackson's assignment of error, finding that Jackson's claim was barred by the doctrine of res judicata.  Doc. 13-1, pp. 111-118.

Jackson did not file an appeal to the Ohio Supreme Court.

### E. "Motion to Vacate 'Illegal Sentence' pursuant to State v. Simpkins (2008) 117 Ohio St. 3d 420, 423"

On April 8, 2014, Jackson, pro se, filed a motion to vacate "illegal sentence" in the trial court.  Doc. 13-1, p. 119.  On May 30, 2014, the trial court denied Jackson's motion.  Doc. 13-1, p. 136.

Jackson did not file an appeal.

### F. Motion/Petition for Clarification of Sentence

On July 15, 2016, Jackson, pro se, filed a motion/petition for clarification of sentence. Doc. 13-1, p. 137.  On August 3, 2016, the trial court denied Jackson's motion.  Doc. 13-1, p. 162.

On September 7, 2016, Jackson, pro se, filed an appeal in the Ohio Court of Appeals. Doc. 13-1, p. 163.  On September 13, 2016, the Ohio Court of Appeals dismissed Jackson's appeal as untimely.  Doc. 13-1, p. 171.

Jackson did not file an appeal with the Ohio Supreme Court.

### G. Motion to Vacate a Void Sentence based on the Trial Court's Lack of Jurisdiction to Revoke Probation

On October 19, 2016, Jackson, pro se, filed a motion to vacate his sentence alleging that the trial court lacked jurisdiction to extend his two-year probation.  Doc. 13-1, p. 172.  On December 2, 2016, the trial court denied Jackson's motion.  Doc. 13-1, p. 193.

Jackson did not file an appeal.

### H. Request for Jail Time Credit

On September 13, 2017, Jackson, pro se, filed a motion for jail time credit, citing an alleged error in the trial court's September 26, 2000, sentencing entry.  Doc. 13-1, p. 194.  On December 28, 2017, the trial court granted Jackson 410 days of jail time credit.  Doc. 13-1, p. 205.

### I. Federal Habeas Petition

On June 30, 2017, Jackson, pro se, filed a Petition for a Writ of Habeas Corpus.  Doc. 4. He listed the following grounds for relief:

> **Ground One:** Mr. Jackson's sentence of 3 to 15 is VOID due to the trial court lacked subject matter jurisdiction because Mr. Jackson never "absconded" or committed another crime which would have made Mr. Jackson a probation violator. Mr. Jackson's probation of two (2) years from 8-12-94, was illegally tolled from 10-13-94 to 6-19-97.

> **Ground Two:** Mr. Jackson was denied his due process of law when the trial court failed to adjudicate the record when Mr. Jackson was transferred from the Madison Correctional Institution back to the Cuyahoga County Jail between February 7, 1995 through March 8, 1995. (See Court's Entries Exhibits C & D.).

Doc. 4, pp. 4-5.  Respondent filed a Motion to Dismiss, arguing that Jackson's Petition is barred by the statute of limitations, Doc. 13, and Jackson filed a response.  Doc. 14.

## II. Law and Analysis

### A. AEDPA Statute of Limitations

Respondent contends that Jackson's Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  For a petitioner whose convictions became final prior to AEDPA's effective date, April 24, 1996, the one-year limitations period begins to run as of the effective date.  *Searcy v. Carter*, 246 F.3d 515, 517 (2001).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).  This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

"An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery."  *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000)).  A post-conviction petition deemed untimely pursuant to Ohio law is not "properly filed" and, therefore, does not toll the statute of limitations.  *Id*. at 771-772; *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a petition is not "properly filed" when the state courts reject it as untimely pursuant to state law).

### B. Jackson's Petition is time-barred

The one-year statute of limitations began to run when Jackson's case became final.  28 U.S.C. § 2244(d)(1)(A).[3]  In Ground One, Jackson complains that the trial court lacked subject matter jurisdiction when it sentenced him in an entry dated September 26, 2000.  Doc. 4, p. 4; Doc. 14, p. 1.  Therefore, his case became final thirty days later, when the time to appeal to the Ohio Court of Appeals expired on October 26, 2000, without his having filed an appeal.  *See* Ohio App. R. 4(A)(a defendant has 30 days to appeal to the Ohio Court of Appeals); *Keeling v.*

---

[3]  Jackson has not provided an argument related to another section of § 2244(d)(1) that would apply to his case, and the matters raised in his filings do not appear to relate to another subsection.

*Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-460 (6th Cir. 2012) (the limitations period begins to run the day after the time to file a direct appeal expires, citing *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)).

On June 14, 2001, 230 days later, Jackson filed a series of motions to withdraw his guilty plea.  The trial court's final entry denying his final motion was issued on August 16, 2001. Thirty days later, on September 17, 2001, the limitations period started running again.[4]  It expired 135 days later, on January 29, 2002.  The next filing Jackson made with respect to his robbery conviction in CR307962 was in 2005.  But by then, the issue Jackson raised in Ground One was already time-barred by the one-year AEDPA limitations period.  *See Vroman*, 346 F.3d at 602 (upon the expiration of the limitations period, a state collateral petition will not toll the statute of limitations).

In Ground Two, Jackson appears to challenge the trial court's actions during the time period of February 7, 1995, to March 8, 1995.  Doc. 4, p. 5.  In support, he cites trial court records from 1994.  Doc. 4, p. 5 (citing "Exhibits C & D"; see Docs. 1-5, pp. 11-12 (Jackson's exhibits C and D).  To the extent these challenged actions were final actions, the action was taken prior to AEDPA, so the limitations period began running when AEDPA became effective, on April 24, 1996.  The limitations period expired a year later, on April 24, 1997, because Jackson did not make any filings during this period.

If these challenged actions relate to the trial court's sentencing entry in September 2000, the limitations period is calculated the same as for Ground One, as detailed above, and is still time-barred.

In his reply brief, Jackson discusses the trial court's handling of his 2-year probation from the years 1994 to 1997, and recites language relating to speedy trial rights; the right to

---

[4]  30 days later is September 15, 2000, but that date is a Saturday.  The undersigned begins the calculation on the following business day, September 17.

counsel; and the right to due process.  Doc. 14, pp. 11-13.  None of these arguments provide a basis for explaining how his Petition is not time-barred.  Jackson additionally argues that he is challenging the state trial court's subject matter jurisdiction and that subject matter jurisdiction may be raised at any time.  Doc. 14, p. 13.  But the issue of whether a court has subject matter jurisdiction does not provide a run-around to the AEDPA one-year statute of limitations.  *See, e.g, Cannon v. Sloan*, 2016 WL 4272339, at *2 (N.D. Ohio Aug. 15, 2016) (the issue of subject matter jurisdiction is not an exception to the AEDPA statute of limitations).

Finally, although Jackson cites a 2017 trial court entry wherein the court credited him 410 days of jail time (Doc. 14, pp. 5, 13), this entry is not when his case became final.  Jackson's case became final thirty days after he was sentenced on September 26, 2000.

Jackson's Petition is time-barred.

**C. Jackson provides no basis for equitable tolling**

A petitioner is entitled to equitable tolling when he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418).  The petitioner bears the burden of establishing entitlement.  *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A petitioner may also be entitled to equitable tolling "if he demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice."  *Patterson v. Lafler*, 455 Fed. App'x 606, 609 (6th Cir. 2012) (citing *Murray v Carrier*, 477 U.S. 478, 495-496 (1986)).  "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "The evidence must demonstrate factual innocence, not mere legal insufficiency."  *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  The

Supreme Court recently underscored that "the miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'"  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schlup*, 513 U.S. at 329).  The timing of an actual innocence claim "seriously undermine[s] the credibility" of such a claim.  *Id.* at 1936.

In his Petition and reply brief, Jackson provides no basis for equitable tolling.  The record does not indicate that he has been pursuing his rights diligently, that an extraordinary circumstance stood in his way, or that he is factually innocent.  Accordingly, Jackson has not demonstrated that he is entitled to equitable tolling.

### III. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Petitioner's habeas Petition be **DISMISSED** as time-barred.

Dated: June 27, 2018

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).