UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE JACKSON, | ) | Case No.: 1:17 CV 1439 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| TOM SCHWEITZER, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

## I. INTRODUCTION

Currently pending before the court in the above-captioned case is the Report and Recommendation ("R & R") (ECF No. 16) of Magistrate Judge Kathleen B. Burke ("Magistrate Judge" or "Judge Burke'), filed on June 27, 2918, pursuant to Local Rule 72.2, recommending that the court grant Respondent Tom Schweitzer's ("Respondent") Motion to Dismiss (ECF No. 13) Petitioner Maurice Jackson's ("Petitioner" or "Jackson") Petition for Writ of Habeas Corpus ("Petition"). (ECF No. 4.) On August 6, 2018, Petitioner filed Objections (ECF No. 18) to Judge Burke's R & R. The court hereby adopts Judge Burke's R & R in its entirety, and grants Respondent's Motion to Dismiss the Petition. Accordingly, Jackson's Petition is hereby dismissed.

## II. BACKGROUND

Petitioner, who is housed at the Trumbull Correctional Institution, pled guilty to one count of robbery in 1994 in the Cuyahoga County Common Pleas Court, for which he was sentenced to

eight to fifteen years in prison. His sentence was suspended, and he was placed on two years of probation, to begin when he finished serving his sentences in three other cases. While serving his term of probation in 2000, he pled guilty in another case in the Cuyahoga County Common Pleas Court for rape and kidnapping. The court then terminated his probation in the robbery case and sentenced him to three to fifteen years in that case, to be served consecutively to the sentence of seventeen years that was imposed in the rape and kidnapping case. In his Habeas Petition, Petitioner seeks to raise issues relative to his conviction for robbery wherein he was initially sentenced to probation and the court's subsequent sentencing of him to a term of imprisonment after he was found to have violated the terms of his probation. Specifically, he asserts the following two grounds of error:

> Ground One : Mr. Jackson's sentence of 3 to 15 years is VOID due to the trial court lacked subject matter jurisdiction because Mr. Jackson never "absconded" or committed another crime which would have made Mr. Jackson a probation violater. Mr. Jackson's probation of two (2) years from 8-12-94, was illegally tolled from 10-13-94 to 6-19-97.
>
> Ground Two: Mr. Jackson was denied his due process of law when the trial court failed to adjudicate the record when Mr. Jackson was transferred from the Madison Correctional Institution back to the Cuyahoga County Jail between February 7, 1995 through March 8, 1995.

Judge Burke, in a thorough opinion, recommended that this court find that each of the claims Petitioner asserts is barred by the one-year statute of limitations set forth in 28 USC 2244(d)(1). The court hereby adopts Judge Burke's R & R in its entirety, including the bases and reasons advanced in support thereof. In so concluding, this court explicitly finds that the Objections raised by Petitioner are not well-taken and that the matters raised by the Objections are clearly and appropriately addressed in Judge Burke's opinion.

### III.  CONCLUSION

Accordingly, after careful *de novo* review of Judge Burke's R & R and all other relevant documents in the record, the court finds that Judge Burke's conclusions are fully supported by the record and controlling case law. The court hereby adopts Judge Kathleen Burke's R & R (ECF No. 16) in its entirety and hereby dismisses Jackson 's Petition for Writ of Habeas Corpus. (ECF No. 4.) The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 27, 2018